**UNITED STATES of America**

**v.**

**Thomas ROMANO, a/k/a "T.R."**

**Crim. No. B-88-24 (JAC).**

United States District Court,
D. Connecticut.

Oct. 23, 1990.

**54**

John H. Durham, Asst. U.S. Atty., Chief, Crim. Div., New Haven, Conn., for the U.S.

James J. Ruane, Meehan & Meehan, Bridgeport, Conn., for defendant.

## AMENDED RULING ON CONSIDERATIONS FOR SENTENCING ON REMAND

JOSÉ A. CABRANES, District Judge:

On November 29, 1989, the Court of Appeals affirmed the judgment of conviction of defendant Thomas Romano for conspiring to use extortionate means to collect an extension of credit in violation of 18 U.S.C. § 894(a)(1). Also, the Court of Appeals reversed his sentence. Because it found that Romano was not a "manager or supervisor," it concluded that his offense level had been incorrectly increased by three points pursuant to section 3B1.1(b) of the Sentencing Guidelines. *United States v. Lanese*, 890 F.2d 1284, 1294 (2d Cir.1989), *cert. denied*, ⸺ U.S. ⸺, 110 S.Ct. 2207, 109 L.Ed.2d 533 (1990). The case was "remanded for resentencing," *id.*

### I.

On remand, the Government asks this court, for the first time, to find that the appropriate Criminal History Category for Romano is Criminal History Category II (rather than Criminal History Category I, as argued at the original sentencing). This would have the result of increasing the applicable Guidelines for imprisonment from a range of 46 to 57 months to a range of 51 to 63 months.

Romano claims, on the other hand, that the court may not consider the question of his criminal history category for the first time on remand, because the Government failed "to raise the issue it now presents. Such a pattern of omission constitutes the clearest evidence of a waiver of this issue by the Government." Memorandum of Law on Resentencing (filed Sept. 21, 1990) ("Defendant's Memorandum") at 2. Moreover, defendant claims that his constitutional right to be free of double jeopardy is also implicated. *Id.; see also* Defendant's Memorandum of Law in Opposition of [sic] Government's Proposed Findings of Fact and Conclusions of Law (filed Aug. 27, 1990) ("Defendant's Memorandum in Opposition") at 3. It is apparently Romano's view that *any* re-assessment on remand of the factors under the Sentencing Guidelines that yields a sentencing range *higher* than the range considered by the sentencing court at its original sentencing hearing would "chill the right of appeal," *id.*, in violation of the principles of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *see also United States v. Markus*, 603 F.2d 409 (2d Cir.1979).

While resisting consideration of any new grounds that might *aggravate* his sentence at this juncture, defendant now urges the court to consider new grounds that would *reduce* his sentence. In particular, Romano asks the court to re-consider the question of acceptance of responsibility and to grant him a two-level reduction in his Guidelines offense level on the basis of his record while in custody since the time of the original sentencing hearing. The Government, in turn, argues that the sentencing court cannot re-open the question of acceptance of responsibility at this time in the circumstances presented because it is required to make its decisions on sentencing on the basis of the record as it stood at the time of the original sentencing date. In the Government's view, it is inappropriate for the court at this time to consider

defendant's record while in the custody of federal correction authorities or, for that matter, any change of heart or disposition experienced by defendant in the aftermath of the original imposition of sentence. *See* Government's Memorandum Re: Sentencing (filed Oct. 1, 1990) ("Government's Memorandum") at 5.

The court afforded the parties an opportunity to call witnesses and present new or additional evidence on their claims at a hearing held on September 14, 1990. Romano submitted materials prepared by the Bureau of Prisons, *see* attachments to Defendant's Memorandum, and a two-page typewritten statement in support of his claim of acceptance of responsibility, *see* Court Exhibit 1. The Court also permitted the Probation Officer to re-interview Romano, and the Officer submitted a supplemental probation report to the Court together with a letter by Romano discussing his own state of mind, *see* Court Exhibit 2.[1] These additional materials have been made available to the parties. Other than this additional information, the matter was deemed submitted for determination by the court after both the Government and the defendant had rested their cases on the questions relating to the Sentencing Guidelines, and they submitted proposed findings of fact and conclusions of law based on the trial record and on the post-trial hearing held on September 14, 1990.

## II.

The remand by the Court of Appeals was without qualifications or particular instruc-

tions. Both parties agree that in the circumstances presented, the issue of Romano's "managerial" or "supervisory" role has been definitively resolved by the Court of Appeals.[2] They otherwise disagree as to what this court may now consider on remand.

### A. *Post–Sentence Acceptance of Responsibility*

■■■ Absent limiting instructions of some kind, it seems clear that, at this stage, the sentencing court may proceed as it might have proceeded in the first instance—that is, it may proceed, as the Government argues, to reconsider any and all factors that it might have considered in the first place on the basis of the record as it stood at the time of the original sentencing hearing (February 9, 1989). Accordingly, the court will not re-open the question of acceptance of responsibility, inasmuch as nothing in the record of this case, as it stood on February 9, 1989, suggested to the slightest degree that Romano had shown any remorse for his crimes or that he had accepted responsibility for them.[3]

■■■ Assuming that the court could at this time consider post-sentencing conduct as evidence of an acceptance of responsibility to support a finding that it would be appropriate to reduce the applicable Guidelines level, the court concludes that the full record does not warrant such a finding. As the Government points out in its Memo-

1. In granting permission to the Probation Officer to re-interview Romano, the court intimated no opinion on whether such a supplemental interview was required by law in any circumstances or in those presented by this case.

2. The Court of Appeals stated: "The evidence supports a finding that Romano was part of a criminal organization, and that he was engaged in a practice of using extortionate means to collect illegal gambling debts. It does not, however, support a finding that Romano was 'a manager or supervisor' of the organization." *Lanese,* 890 F.2d at 1293.

3. Our Court of Appeals has suggested that "a court should be able on a sentence remand to take new matter into account on behalf of either

the Government or the defendant." *United States v. Sanchez Solis,* 882 F.2d 693, 699 (2d Cir.1989). In that particular case, the "new matter"—the defendant's obstruction of justice—was new only in so far as it was not included in the original presentence report; it was not "new" in that it actually occurred after the original sentencing.

In this case, Romano is asking the court to consider a matter—acceptance of responsibility—that occurred *after* the original sentencing. While the Court of Appeals has not spoken directly to whether a district court may on remand take matters into account that have arisen only after the original sentencing, this court does not reject the possibility that it may, in some circumstances not presented here, be appropriate or necessary to do so.

randum, Romano's letter to the court, *see* Court Exhibit 1, does not amount to an unequivocal acceptance of responsibility. Although defendant claims that his previous reference to having been "railroaded" referred to his having been unfairly labeled a "manager or supervisor" in the presentence report, the statement was in fact made in an interview with the U.S. Probation Office on December 19, 1989—over one month *before* the presentence report was prepared. *See* Government's Supplemental Submission Re: Sentencing (filed Oct. 3, 1990) at 3 (submitting a substitute page 5 for that originally included in Government's Memorandum).

■ In addition, Romano claims that he did not appeal his conviction, as if to demonstrate that he had accepted both the jury's verdict and responsibility for his behavior. *See* Court Exhibit 1 at 1 ("Please take notice that I did not appeal my conviction, I appealed my sentence...."). But Romano and his co-defendant, Michael Vincent Lanese, *did* appeal their convictions, and the Court of Appeals affirmed them. *Lanese,* 890 F.2d at 1291. Romano was, of course, entitled to appeal, and the fact that he appealed his conviction plays no role whatever in determining now what the proper sentence should be in this case. The court refers to the fact of the appeal simply as a response to an argument Romano now presses—an argument based upon an apparent mischaracterization of the record.

## B. *Criminal History Category*

■ The question of defendant's criminal history category is a different issue altogether. On remand, we are at precisely the place where this issue might properly have been raised by the Government in the first place. Defendant's claim that increasing the criminal history category

would violate the Double Jeopardy Clause is without merit.

In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court held that the Due Process Clause precluded increased sentences when the increase is motivated by vindictiveness on the part of the sentencing judge. *Id.* at 725, 89 S.Ct. at 2080. *Pearce* involved the limitation on imposition of a more severe sentence after conviction for the same offense upon retrial. *Id.* at 716, 89 S.Ct. at 2075–76. In *United States v. Perez,* 904 F.2d 142 (2d Cir.1990), our Court of Appeals decided that it would leave "for another day" the question of "how the enactment of the Sentencing Guidelines may have affected ... *Pearce* and its progeny...." *Id.* at 150. But this is not a case about a higher sentence after a new trial; it is simply a recalculation of the criminal history category that should have been applied under the Guidelines when the defendant was originally sentenced on February 9, 1989.[4]

■ Section 213(b) of the Sentencing Reform Act of 1984, as amended, provides that the Government may appeal a district court's sentence because, among other reasons, the sentence was less than the sentence specified in the applicable Guidelines range. 18 U.S.C. § 3742(b)(3). By allowing the Government to appeal a sentence imposed under the Guidelines, Congress contemplated that, on occasion, a sentence would be corrected by the district court on remand. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 158, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3341; *see also United States v. Rico,* 902 F.2d 1065, 1067–68 (2d Cir.1990) (defendant in post-Guidelines case has no expectation of finality when sentence can be increased on appeal; new sentence may be greater than sentence being served); *see also United*

---

**4.** According to the Government, Romano and his codefendants were the very first to be sentenced under the Sentencing Guidelines in this district. Romano is not entitled to be spared the consequences of a full consideration of his criminal history simply because the prosecution did not adequately present that history at the time of the original sentencing. The exquisitely

technical calculations required by the Sentencing Guidelines—the "wilderness of the Guidelines," *United States v. Colon,* 905 F.2d 580, 584 (2d Cir.1990), with which all district judges are still in the process of becoming familiar—were sufficiently foreign in February 1989 to make the Government's mistake understandable and reasonable.

*States v. DiFrancesco,* 449 U.S. 117, 134–36, 101 S.Ct. 426, 435–37, 66 L.Ed.2d 328 (1980) (defendant has no reasonable expectation of finality on sentence until appeal by prosecution is concluded or appeal period has expired).

The Court of Appeals has held that new information may be taken into account in a resentencing hearing. In *United States v. Sanchez Solis,* 882 F.2d 693, 699 (2d Cir. 1989), it remanded a sentence to the district court which had originally sentenced the defendant to a term in excess of the range permitted by the Guidelines. In its ruling on the issues that may be considered on remand, the Court of Appeals stated that "in the interests of truth and fair sentencing a court should be able on a sentence remand to take *new matter* into account on behalf of either the Government or the defendant. Any new findings should be reached, however, only after both parties have had an opportunity to be heard." *Id.* at 699 (emphasis added). If in *Sanchez Solis* the district court on remand could consider *new matter* (a two-level upward adjustment for obstruction of justice that was not included in the original presentence report), this court surely may consider a mere recalculation of the Guidelines based on the record as it existed at the time of the original sentencing hearing, including Romano's full criminal history.[5]

### III.

Based on the conclusions of law made above and after affording the parties the opportunity to be heard, the court now finds, by a preponderance of evidence, or restates the following facts:

(1) Thomas Romano was part of a criminal organization. *Lanese,* 890 F.2d at 1293.

(2) Romano was engaged in the practice of using extortionate means to collect illegal gambling debts for that organization. *Id.*

(3) Romano was not a manager or supervisor of the organization. *Id.*

(4) Romano was shown to be associated with the following:

(a) Genovese La Cosa Nostra ("LCN") soldier and convicted racketeer Salvatore Basso, a/k/a "Sabie";

(b) Genovese LCN associate and convicted racketeer Vincent Esposito;

(c) Gambino LCN associate and convicted racketeer Harry Riccio;

(5) Romano's knowledge that he was participating in organized crime activities was clearly established at trial.

(6) Romano had been involved with the criminal organization for an extended period of time.

(7) Romano's prior criminal history category significantly under-represented the seriousness of his criminal history and the likelihood that he will commit another crime.

(8) The content of the consensual tape recordings which were made by Eugene Golino—a victim of the charged offenses—together with evidence seized from Romano's residence and the testimony of the Government's witnesses clearly established that Romano was engaged in conduct which was similar to the criminal conduct in the matter now before the court but for which he has never been prosecuted.

(9) Romano has had an adequate opportunity to be heard in this matter and on the particular question of whether or not the court may properly consider information presented at a resentencing that was not previously presented at the original sentencing hearing.

### Conclusion

At a hearing scheduled for Wednesday, October 10, 1990, at 12:00 Noon, Thomas

---

5. The Supreme Court has held that vindictiveness against a defendant for having successfully attacked his first conviction "must play no part in the sentence he receives" on remand. *North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Nothing in this record, including the submissions of defendant's counsel, suggests that the court has been motivated in any way by vindictiveness.

Romano will be resentenced to a term of imprisonment consistent with this ruling.

It is so ordered.