**UNITED STATES of America, Appellee,**

v.

**Douglas Greg CORNELIUS, Appellant.**

No. 91–3351.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1992.

Decided July 2, 1992.

Dean Stowers, Des Moines, Iowa, argued, for appellant.

Linda R. Reade, Des Moines, Iowa, argued, for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Douglas Greg Cornelius appeals his thirty-year sentence imposed pursuant to the enhancement provisions of 18 U.S.C. § 924(e) (armed career criminal) and the United States Sentencing Guidelines § 4B1.1 (career offender). The district court imposed the thirty-year sentence on remand, believing that it was foreclosed from addressing any issue other than the proper sentence term. We affirm in part, reverse in part and remand for resentencing.

Cornelius was tried and convicted of being a felon in possession of a firearm on April 5, 1990. The government argued that Cornelius' sentence should be enhanced because he is an armed career criminal under § 924(e) and a career offender under U.S.S.G. § 4B1.1. The district court found that Cornelius is a career offender. It held, however, that he is not an armed career criminal because the 1970 breaking and entering conviction on which the government relied did not qualify as a predicate felony under the statute. The court sentenced Cornelius to ten years' imprisonment. Cornelius appealed the district court's finding that he is a career offender, arguing that possession of a firearm by a felon is not a crime of violence under § 4B1.1. We found that possession of a firearm by a felon was a crime of violence under § 4B1.1 and affirmed the district court.[1] *United States v. Cornelius*, 931 F.2d 490 (8th Cir.1991). The government cross-appealed the finding that Cornelius was not an armed career criminal. We reversed and remanded for resentencing on this issue because we held that Cornelius' 1970 breaking and entering conviction qualified as a predicate felony under § 924(e). *Id.*

At the resentencing hearing held October 3, 1991, Cornelius argued that one of the prior convictions relied on to enhance his sentence under § 924(e) was based on an invalid guilty plea and could not be used. Therefore, he argued, he is not an armed career criminal. In addition, Cornelius asserted that two prior convictions for arson and extortion are "related cases" under the Sentencing Guidelines and cannot be considered separate convictions for purposes of applying U.S.S.G. § 4B1.1 because they were consolidated for plea and sentencing. The district court allowed Cornelius to make an offer of proof, but held that, given this court's finding that Cornelius is an armed career criminal as well as a career offender, it could only decide the proper sentence term on remand. In the alternative, the court held that the arson and extortion cases were not "related cases" under the Guidelines. The court found

---

1. Section 4B1.1 requires, *inter alia*, that the instant offense of which the defendant is convicted must be a crime of violence. The term "crime of violence" is defined in § 4B1.2. In Cornelius' prior appeal, we held that unlawful possession of a firearm by a felon is a crime of violence within the meaning of the Guidelines. After Cornelius' sentencing and after our opinion was issued, the Sentencing Commission amended the commentary to § 4B1.2. Effective November 1, 1991, Application Note 2 reads, in relevant part, "The term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." U.S.S.G. § 4B1.2, Application Note 2. This amendment was not in effect at the time of either Cornelius' sentencing or his first appeal, and we will not apply it retroactively in this case. *See United States v. Evans*, 966 F.2d 398, 402 n. 3 (8th Cir.1992); *United States v. Dortch*, 923 F.2d 629, 632 n. 2 (8th Cir.) ("Because appellant was sentenced before the effective date of the amendment, the 1990 amendment does not apply."), *reh'g denied*, No. 89–2145 (8th Cir. June 5, 1991).

that the Guidelines range was thirty years to life, and sentenced Cornelius to thirty years.

On appeal, Cornelius argues that the district court erred in finding that it could not consider any new issues on remand. He claims that the district court erred in refusing to consider evidence that his guilty plea in the conviction used to enhance his sentence under § 924(e) was constitutionally invalid. He also claims that the district court erred when it refused to consider his argument that the two convictions used to enhance his sentence under U.S.S.G. § 4B1.1 were "related" cases under the Guidelines and could only be counted as one conviction rather than two.

## I. Consideration of New Evidence on Remand

■ Cornelius first argues that the district court erred when it refused to consider new evidence about the validity of certain prior convictions used to enhance his sentence under § 924(e) and § 4B1.1. The government replies that the district court was correct because this court decided in the first appeal that Cornelius was both a career offender and an armed career criminal. Therefore, the mandate on remand was limited and only allowed the district court to decide the proper sentence term under the Guidelines given those findings. We disagree.

Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing. *United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir.) (de novo resentencing on remand appropriate), *cert. denied,* —— U.S. ——, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991); *United States v. Sanchez Solis*, 882 F.2d 693, 699 (2d Cir.1989) (court on remand should be able to take new matter into account); *United States v. Romano*, 749 F.Supp. 53, 55 (D.Conn.1990) (on remand sentencing court may proceed as it might have in first instance), *aff'd sub nom. United States v. Lanese*, 937 F.2d 54 (2d

Cir.1991). The sentencing court must, however, adhere to any limitations imposed on its function at resentencing by the appellate court. *See United States v. Prestemon*, 953 F.2d 1089 (8th Cir.1992) (trial court could not consider new bases for downward departure on remand where remand was limited to resentencing within the applicable guideline sentencing range); *United States v. Cassity*, 720 F.2d 451, 458 (6th Cir.1983) (district court erred when it considered issue of retroactivity of new case on remand where circuit court explicitly stated remand limited to determining whether privacy interest invaded), *vacated on other grounds*, 468 U.S. 1212, 104 S.Ct. 3581, 82 L.Ed.2d 879 (1984); *see also Romano*, 749 F.Supp. at 55. Therefore, we must decide whether our mandate to the district court in this case was specifically limited to resentencing within the applicable guideline range, as the court interpreted it, or whether the mandate was broad enough to allow the court to consider new evidence regarding whether Cornelius is an armed career criminal.

■ We find that the district court erred when it refused to hear Cornelius' evidence relating to whether he is an armed career criminal. In the previous appeal, the issue presented was whether Cornelius' 1970 conviction for breaking and entering constituted generic burglary under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The conviction could not be counted as a prior conviction for purposes of a sentence enhancement under § 924(e) unless it qualified as generic burglary. The district court held that it did not constitute generic burglary and, therefore, Cornelius was not an armed career criminal under § 924(e). We reversed on appeal. *Cornelius*, 931 F.2d 490. The government claims that we found that Cornelius is an armed career criminal, and that that finding is now the law of the case. Such a reading misinterprets our opinion. We held that "Cornelius' 1970 conviction did constitute generic burglary under *Taylor*. Consequently, we reverse the district court's determination that Cornelius was not an armed career criminal under § 924(e) and remand for resentencing."

*Cornelius*, 931 F.2d at 494. We did not find that Cornelius was an armed career criminal. We simply held that the district court was in error when it found that the 1970 conviction did not qualify as a prior conviction under § 924(e). We did not limit the district court's further determination of whether Cornelius was an armed career criminal. Therefore, the district court was free to consider any new arguments raised at the resentencing as to whether Cornelius was an armed career criminal that could have been considered at the first hearing.

■ This is not, however, true for the issue of whether Cornelius was a career offender under § 4B1.1. We affirmed the district court's finding that Cornelius was a career offender. We hold that the district court correctly refused to consider new evidence relating to Cornelius' sentence enhancement as a career offender because that determination was not before the district court on remand.[2]

## II. Collateral Attack of Prior Convictions

■ Cornelius received an enhanced sentence under § 924(e) on the basis of three prior convictions. Under the statute a court must impose a minimum fifteen-year sentence if a defendant is found guilty of possessing a firearm while being a convicted felon and has at least three previous convictions for violent felonies. 18 U.S.C. § 924(e)(1) (Supp. V 1987). Cornelius claims that the guilty plea entered in one of those prior convictions was not intelligent and voluntary as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and therefore is constitutionally infirm. Consequently, Cornelius claims that the district court erred in not considering whether that conviction is capable of sustaining his enhanced sentence as an armed career criminal.

The government argues that Cornelius may not collaterally attack the constitutional validity of his prior conviction at his

sentencing enhancement hearing under § 924(e). They argue that even though the enhancement under § 924(e) is statutory, any collateral attack is barred by Application Note 6 of § 4A1.2 of the Guidelines because the actual final sentence is computed under the Guidelines. Note 6 reads in relevant part: "[S]entences resulting from convictions that a defendant shows to have been *previously ruled* constitutionally invalid are not to be counted." U.S.S.G. § 4A1.2, Application Note 6 (emphasis added). The government cites *United States v. Hewitt*, 942 F.2d 1270 (8th Cir.1991), where we decided that Application Note 6 prevented a defendant from collaterally attacking a prior conviction to show that it should not be used to calculate his criminal history score. *Id.* at 1276.

The government's reliance on *Hewitt* is misplaced. That case addressed a sentence imposed solely under the Guidelines. In *United States v. Day*, 949 F.2d 973 (8th Cir.1991), we held that "[w]hile the imposition of a sentence greater than Section 924(e)'s minimum sentence is governed by the Guidelines, the imposition of the minimum sentence itself is governed by an independent statutory arrangement." *Id.* at 980–81 (citations omitted). It is the application of this "independent statutory arrangement" that Cornelius is challenging, not the imposition of the Guidelines sentencing range after the applicability of the statute has already been decided.

We have clearly held that under § 924(e) a defendant has the "opportunity to demonstrate that one or more of the felonies proposed as a basis for his receipt of an enhanced sentence are incapable of that purpose." *Day*, 949 F.2d at 981. Therefore, we remand this issue to the district court for a determination of whether Cornelius is an armed career criminal within the meaning of the statute.

---

**2.** Cornelius also argues that the district court's alternative finding that the cases are not sufficiently "related" under the Guidelines is incorrect. Because we hold that the district court was not free to consider whether Cornelius was a career offender under U.S.S.G. § 4B1.1 on remand, we do not reach the issue of whether the cases are "related." The proper procedure for Cornelius to follow to challenge the basis for his § 4B1.1 enhancement would be to file a collateral challenge under 28 U.S.C. § 2255.

## III.

For the reasons stated above, we affirm in part, reverse in part and remand the case to the district court for resentencing consistent with this opinion.