994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Donald Edward ROWLEY, Appellant.
 No. 92-3545.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 17, 1993.
Filed: March 23, 1993.
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald Edward Rowley appeals from the seventy-eight-month sentence imposed by the District Court[1]. We affirm.
 
 
 2
 Following a jury trial, Rowley was convicted of several drug offenses relating to a marijuana-growing operation on his farm and was sentenced to ninety-seven months. The District Court included in its calculation of Rowley's offense level increases under U.S.S.G. § 2D1.1(b)(1) (possession of firearms during offense) and U.S.S.G. § 3B1.1(c) (organizer, leader, manager, or supervisor of criminal activity), and denied his request for a reduction under U.S.S.G. § 3E1.1 (Nov. 1991) (acceptance of responsibility). We affirmed the convictions, the weapons enhancement, and the denial of the acceptance-of-responsibility reduction, but remanded "for resentencing without the section 3B1.1(c) enhancement." United States v. Rowley, 975 F.2d 1357, 1365 (8th Cir. 1992).
 
 
 3
 Prior to resentencing, Rowley moved for a reduction for acceptance of responsibility. The District Court denied the motion for three reasons. First, the court determined that the issue was beyond the scope of our remand order. Second, the court ruled that the law-of-the-case doctrine barred reopening the issue because the initial decision to deny the reduction had been affirmed on appeal. Finally, the court indicated that, even if the issue was subject to reconsideration, it would deny the reduction for the same reason expressed at the original sentencing-that Rowley had not accepted responsibility for his conspiracy conviction. The court calculated Rowley's offense level without the leadership increase as 28 and his sentencing range as 78 to 97 months, and imposed a 78-month sentence.
 
 
 4
 On appeal, Rowley contends that the District Court erred by: (1) concluding that the acceptance-of-responsibility issue was not within the scope of the remand; (2) ruling that its initial denial of the reduction was the law of the case; and (3) denying the reduction.
 
 
 5
 The District Court correctly concluded that reconsideration of the acceptance-of-responsibility issue was not within the scope of the remand. When a sentence has been reversed and the case has been remanded for resentencing, the District Court must "adhere to any limitations imposed on its function at resentencing by the appellate court." United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992). Here, in Rowley's first appeal, we addressed and rejected his challenge to the denial of the acceptance-of-responsibility reduction, Rowley, 975 F.2d at 1364, and we then remanded for the sole purpose of resentencing "without the section 3B1.1(c) enhancement." Id. at 1365. Thus, the acceptance-of-responsibility issue was beyond the scope of our remand order, the District Court was correct in declining to reconsider it, and we need not discuss the other bases for the court's ruling.
 
 
 6
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge