1 F.3d 1248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff/Appellee,
v.
David MENDIA, Sr., Defendant/Appellant.
 No. 92-50560.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 30, 1993.
 
 Before GIBSON,** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 Memorandum***
 
 
 2
 David Mendia appeals the district court's refusal to consider additional evidence on remand and its finding that he was not a minor participant in a marijuana distribution scheme. We affirm.
 
 I. FACTS
 
 3
 Mendia pleaded guilty to one count of attempting to possess marijuana with intent to distribute in violation of 21 U.S.C. Secs. 846, 841(a)(1), and 18 U.S.C. Sec. 2. In sentencing Mendia to forty-six months of imprisonment, the district court made no findings with regard to Mendia's motion for adjustment based on his minor role in the offense. Instead, the court adopted the presentence report; unfortunately, the presentence report did not address Mendia's entitlement to this adjustment. Consequently, the district court's adoption of the presentence report "did not constitute a resolution of this issue," so we "vacate[d] Mendia's sentence and remand[ed] for resentencing after a determination of whether Mendia's role in the offense was a minor one." United States v. Mendia, No. 91-50025, slip op. at 5 (9th Cir. Feb. 20, 1992) ("Mendia I ").
 
 
 4
 On remand, a disagreement arose as to the scope of the remand order. Mendia took the position that all sentencing issues could be re-examined and, to that end, attempted to persuade the court to consider his age and infirmity in selecting an appropriate sentence. The court rejected Mendia's requests because it believed, based on the above-quoted sentence from Mendia I, that the only issue to be resolved on remand was Mendia's role in the offense. After listening to arguments from both sides, the court again denied Mendia's request for an adjustment based on his minimal role, stating simply that "his role was not a minor one." The court reimposed the same sentence, and Mendia has appealed again.
 
 II. DISCUSSION
 A. Adequacy of the Factual Findings
 
 5
 Mendia argues his sentence must be vacated because the district court failed to make specific factual findings. "We agree with the appellant that the district court should make clear on the record its resolution of all disputed matters, and that specific findings of fact are to be encouraged." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). However, the decision as to whether a defendant is a "minor" or "minimal" participant is a factual, not a legal, determination. United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). Thus, when the district court stated Mendia's "role was not a minor one" it made a very specific factual finding. Inasmuch as we have rejected prior attempts to require "more express findings concerning [the defendant's] role in the crime," Rigby, 896 F.2d at 394 (district court not required "to state expressly that the defendant was not merely a courier"); and we have held that "[a] simple statement by the district court that the defendant was not a minor participant is typically sufficient to settle the question," United States v. Ocampo, 937 F.2d 485, 491 (9th Cir.1991), we cannot reverse the district court on this basis.
 
 
 6
 B. Mendia's Entitlement to a Downward Adjustment.
 
 
 7
 Mendia next challenges the district court's finding that he was not a minor participant. We review the district court's finding for clear error. Sanchez-Lopez, 879 F.2d at 557. The least culpable member of a criminal enterprise is not automatically entitled to a downward adjustment. See United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). Without recounting all the evidence, we note that Mendia introduced buyers to sellers and participated in negotiations for large amounts of marijuana. It appears that, at best, Mendia is only slightly less culpable than the other participants and the court did not err in holding that he was not a minor participant.
 
 C. Scope of Remand
 
 8
 The district court believed Mendia I limited the issue on remand to consideration of Mendia's role in the offense. Normally, a district court may consider any relevant information on remand. E.g., United States v. Cornelius, 968 F.2d 703, 705 (8th Cir.1992). However, Mendia I limited the issue to "a determination of whether Mendia's role in the offense was a minor one." This, then, was the only issue before the district court, and the court properly refused to hear evidence relating to other issues.
 
 III. CONCLUSION
 
 9
 Finding no error in the proceedings below, we AFFIRM the district court.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3