<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 93-1679

                         UNITED STATES,

                           Appellee,

                               v.

                      VICTOR LEVY-CORDERO,

                     Defendant, Appellant.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

      [Hon. Raymond L. Acosta, Senior U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

             Coffin and Cyr, Senior Circuit Judges.

                     _____________________

   Jeffrey S. Weiner, Linda L. Houghtaling and Jeffrey S. Weiner,
P.A. on brief, for appellant.
   James K. Robinson, Assistant Attorney General, Criminal
Division, U.S. Department of Justice, Theresa M.B. Van Vliet,
Chief, Narcotic and Dangerous Drug Section, Criminal Division, U.S.
Department of Justice, and Grace Chung Becker, Trial Attorney,
Narcotic and Dangerous Drug Section, Criminal Division, U.S.
Department of Justice, on brief, for appellee.

                      ____________________

                      September 17, 1998
                      ____________________

         TORRUELLA, Chief Judge.  In United States v. Levy-
Cordero, 67 F.3d 1002 (1st Cir. 1995) (Levy I), this court heard
the appeals of three co-defendants convicted, inter alia, of taking
part in a conspiracy to possess with intent to distribute over
1,000 kilograms of marijuana.  We rejected the appeals of two of
the defendants, but found that an error had been made in the trial
of the third, Vctor Levy-Cordero.  The trial court had erred as a
matter of law when it excluded proffered evidence that Levy was in
Florida during the same time that he was allegedly taking part in
a large transfer of marijuana.  See id. at 1015.  The district
judge excluded this evidence as a sanction for defense counsel's
alleged willful violation of a discovery order requiring pre-trial
notice of intent to offer an alibi defense.  See United States v.
Levy-Cordero, 833 F. Supp. 938 (D.P.R. 1993).  However, it was
later discovered that while similar discovery orders had issued to
other defendants in the case, no such order had issued to Levy.  
See Levy I, 67 F.3d at 1014.  We therefore ordered the district
court to conduct a hearing to determine the reliability of the
evidence that Levy was in Florida between March 19, 1987, and
March 28 or 29, 1987.  See id. at 1015.  Now, based upon the
evidence adduced at that hearing coupled with further analysis of
the trial transcript from the underlying trial, we affirm Levy's
conviction.
                           BACKGROUND
         The following facts were uncontradicted at trial, or were
necessarily found by the jury to support the convictions of Levy's
co-conspirators, William Romero-Lewis and Jos Samuel Forty-
Estremera.  On or about March 7, 1987, a group of co-conspirators
rented a house near Naguabo, Puerto Rico, in order to stash large
amounts of marijuana which would be arriving by ship from Colombia.  
Over the course of one weekend in March 1987, spanning from Friday
to Sunday nights, the co-conspirators moved 5,000 pounds of
marijuana from the Colombian ship near the Puerto Rican coast into
a smaller boat, then onto the beach and into the stash house.  They
were later paid in cash and drugs.  Levy was alleged to have taken
part in this off-loading.
         Throughout this case, the specific dates of the off-
loading of the marijuana have been at issue.  However, by a process
of elimination, we can determine that the jury found the exact
dates of the off-loading to be March 27, 28 and 29, 1987.  As
stated above, there was uncontradicted evidence at trial that the
off-loading took place over three nights on a Friday, Saturday, and
Sunday in March 1987.  The jury was instructed by the judge and by
both parties in closing arguments that defendants must be acquitted
for any actions occurring on the weekend of March 13-15 (or before)
because they were beyond the statute of limitations.  Because Levy-
Cordero was convicted, the jury must have concluded, consistent
with the evidence adduced at trial, that the off-loading occurred
on one of the two remaining weekends, either March 20-22 or
March 27-29.
    However, this does not exhaust our knowledge about the
dates at issue.  At trial, both parties agreed that a co-
conspirator by the name of Csar Castro-Gmez was present during
the off-loading.  The jury was also presented with stipulated
evidence proving that Castro was in Florida during the March 20-22
weekend.  Thus, the jury must have concluded that the drugs were
off-loaded on March 27-29, 1987.
    While his trial was in progress, Levy claims to have
remembered where he was from March 19, 1987, through March 28-29,
1987.  He allegedly traveled to Gainesville, Florida, to attend the
National Hot Rod Association Gator Nationals drag races, occurring
during the March 20-22 weekend.  He then supposedly stayed in
Florida until March 28 or 29.  Levy's lawyer researched the alibi,
and eventually concluded that the Florida alibi was "airtight," and
that he could "account for [his] client's presence from the 19th to
the 28th or 29th, that accounts for every possible date the
witnesses claim the load occurred."  His lawyer brought this
information to the court's attention, and, after a contentious
hearing on the admissibility of the evidence, the district court
excluded it, concluding that the defense had willfully withheld the
evidence from the prosecution and the court in violation of Fed. R.
Crim. P. 12.1.
    On appeal, we determined that, given the ambiguous text
of the district court's Omnibus Order relating to alibi evidence,
and the absence of an explicit Rule 12.1(a) demand from the
prosecution that Levy serve written notice of intent to offer an
alibi, the district court's exclusion of Levy's potentially
exculpatory alibi evidence was legal error.  We ordered the
district court to evaluate the content and reliability of the alibi
evidence.  
    At his hearing on remand, Levy's "airtight" Florida alibi
changed significantly from the story that he had told to the
district court and this court the first time around.  Despite
promises that his Florida whereabouts from March 19 to March 28-29,
1987 would be documented with extensive records, photographs, and
witness testimony, Levy was unable to turn up any documentary
evidence that he was in Florida after March 24, 1987.  Instead,
Levy's alibi witnesses surprisingly testified unanimously at the
hearing on remand that Levy was in Puerto Rico with them on Friday,
Saturday and Sunday nights from March 27 to March 29, 1987.  
Whether or not the witnesses' testimony is true, it is now
undisputed that Levy's story has changed, and that he was not in
Florida on that weekend.

                            ANALYSIS
I.  The Old Story
    The purpose of the remand in this case was to determine
whether the district court's error in excluding Levy's Florida
alibi was harmful to Levy, i.e., whether it influenced the jury's
verdict and thus affected Levy's substantial rights at trial.  SeeLevy I, 67 F.3d at 1015 n.15; see also, 28 U.S.C.  2111 (trial
error is harmless if it does not affect substantial rights);  
Lataille v. Ponte, 754 F.2d 33, 37 (1st Cir. 1985) (same); Fed. R.
Crim. P. 52 (defining "harmless error" as "any error, defect,
irregularity or variance which does not affect substantial
rights").  If the evidence presented on remand was sufficiently
reliable to allow a jury to find that Levy was in Florida at the
time he was convicted of having off-loaded 5,000 pounds of
marijuana, his substantial rights at trial would have been affected
by the improper exclusion of that evidence.  See United States v.
Mulinelli-Navas, 111 F.3d 983, 992 (1st Cir. 1997) (improper
exclusion of reliable alibi evidence violates Sixth Amendment right
to confrontation).  A new trial must be ordered whenever
substantial rights are affected by an error at a criminal trial and
the government cannot prove harmlessness "beyond a reasonable
doubt."  Chapman v. California, 386 U.S. 18, 24 (1967); United
States v. Brennan, 994 F.2d 918, 927 (1st Cir. 1993) (where
violation of Sixth Amendment right to confrontation is discovered
on appeal,  Chapman's harmless error standard is applied).
    However, it is obvious that exclusion of a false or
utterly unreliable alibi does not affect substantial rights.  The
story that Levy presented to this court prior to remand, i.e., that
he was in Florida for most of the March 27-29, 1987 weekend, was
recanted on remand.  Levy himself presented numerous witnesses who
testified that Levy was in Puerto Rico at that time.  We can,
therefore, state with certainty that the district court's failure
to place before the jury any evidence that Levy was in Floridaduring the relevant weekend was "harmless beyond a reasonable
doubt."   
II.  The New Story
    As explained above, a curious and surprising development
occurred on remand when Levy abandoned his claims of having been in
Florida until March 28 or 29, 1987, and presented an entirely new
alibi for the weekend of March 27-29, 1987.  He now claims to have
spent that time in Puerto Rico with three close friends, washing
their cars and installing new tires.  This evidence was never
proffered at trial, and was thus outside of the scope of the remand
which was ordered to determine the reliability of the proffered and
excluded alibi evidence.
    Nonetheless, in an ambiguous half-page ruling issued
after the hearing on remand, the district court took no explicit
notice of the fact that Levy's alibi had been changed.  In fact, no
specific factual findings were issued whatsoever.  The ruling
merely found that "the evidence presented in support of an alibi
defense during the course of this hearing was reliable."  According
to Levy, this ruling should be construed as a finding of fact that
all of his alibi evidence, including his new Puerto Rico alibi, is
reliable evidence.  In light of the fact that most of the testimony
adduced at the hearing pertained to this new alibi, we agree that
Levy's proposed construction of the ruling is sensible.  We must,
therefore, determine what effect, if any, this finding has.
    Despite the fact that Levy's whereabouts for the
March 27-29 weekend had been very much at issue for years, the
evidence that Levy was in Puerto Rico with friends working on cars
had never been proffered.  Nonetheless, it was this evidence which
was placed into the record on remand.  Although we could not have
foreseen that Levy would be allowed to proceed as he did on remand,
see United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993) (an
appellate disposition of an appeal must be read by the district
court "against the backdrop of prior proceedings in the case");
United States v. Cornelius, 968 F.2d 703, 706 (8th Cir. 1992) (a
limited remand does not automatically rejuvenate other issues in a
case), we recognize that in some situations, the trial court may
possess limited discretion to examine or re-examine issues or
evidence outside of the four corners of the remand.  See Bell, 988
F.2d 250-51 ("even where, as here, an appellate court's mandate
does not contemplate resurrecting an issue on remand, the trial
court may still possess some limited discretion to reopen the issue
in very special situations.").  Thus, rather than ignoring this new
alibi evidence and any findings thereupon as being outside the
scope of the remand, we will assume that the trial court exercised
its limited discretion to hear this portion of his current alibi as
"newly discovered evidence."  See id. at 251 (exercise of limited
discretion to reopen issues on remand may be appropriate to hear
significant new evidence not earlier obtainable in the exercise of
due diligence); see generally, 3 Charles Alan Wright, Federal
Practice and Procedure; Criminal 2d,  557 (2d ed. 1982)
(potentially exculpatory evidence not proffered at trial can be
considered as newly discovered evidence under Fed. R. Crim. P. 33).
    A district court may only hear newly discovered evidence
after the close of a criminal trial in order to determine whether
the evidence is sufficient to warrant a new trial.  See Fed. R.
Crim P. 33.  The standard for granting a new trial based upon newly
discovered evidence is "that the evidence must be newly discovered,
that it must be material to the issues, that it must be such as to
have some effect on the outcome . . . and that the failure to
obtain the evidence not be due to a lack of diligence on the part
of the defendant."  Vega Pelegrina v. United States, 601 F.2d 18,
20-21 (1st Cir. 1979).
    Unfortunately for Levy, the new alibi evidence does not
even approach this standard.  Almost nine years after Levy was
alleged to have off-loaded 5,000 pounds of marijuana, he presented
evidence, in the form of the testimony of a few of his close
friends, that he was working on cars all during the weekend in
question.  Despite the fact that the friends' memories were
remarkably clear about many of the details of the weekend, this
story never surfaced during the entire three-year period between
his indictment, in March 1992, and the oral argument before this
court in Levy I.  Levy did not argue, and could never hope to argue
persuasively, that this alibi could not have been obtained through
the exercise of due diligence on his part, because the new evidence
involved his own whereabouts during the weekend in question.  A
convicted criminal cannot successfully lay claim to a new trial
when, years after his conviction, his friends suddenly provide a
new alibi unsupported by anything other than their collective word.  
Thus, as a matter of law, Levy's new alibi evidence is insufficient
to warrant a new trial and must be disregarded.  The district
court's finding that this new evidence is credible is insufficient,
under these circumstances, to satisfy the rigorous requirements
justifying a new trial.
                           CONCLUSION
    For the reasons discussed herein, the district court's
original judgment is affirmed.  We have also considered and
rejected Levy's allegations of prosecutorial misconduct.

</body>

</html>