**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-4475

GEROME MONTREAL RANDALL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-4476

JERON RONDELL RANDALL,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-95-58-H)

Submitted: April 25, 2000

Decided: May 15, 2000

Before MURNAGHAN and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael G. Howell, MCNEIL & GILBERT, Raleigh, North Carolina; Richard L. Cannon, III, Greenville, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, J. Frank Bradsher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerome and Jeron Randall, twin brothers, were convicted in 1996 of federal drug and firearms offenses. On appeal, their convictions under 18 U.S.C.A. § 924(c) (West Supp. 1999) (Count Six), for using and carrying a firearm during a drug trafficking crime on October 11, 1995, were reversed, see United States v. Randall, 171 F.3d 195 (4th Cir. 1999). The sentences under Count Six were vacated, and the cases were remanded for resentencing.

At their joint resentencing, both Gerome and Jeron moved for a downward departure for extraordinary post-sentencing rehabilitation based on their conduct and accomplishments in prison. The government moved for an upward departure in Gerome's case based on Application Note 2 to U.S. Sentencing Guidelines Manual § 2K2.4 (1998), the guideline applicable to Count Three, Gerome's second, and remaining, § 924(c) conviction.

Application Note 2 to 2K2.4 provides that, when a defendant is sentenced for a § 924(c) offense as well as for the underlying offense, any enhancement for possession of a firearm under the guideline applicable to the underlying offense should not be applied. In Gerome's case, this meant that he did not receive a two-level

2

enhancement under USSG § 2D1.1(b)(1). Application Note 2 also encourages an upward departure when (as in Gerome's case), the offense level for the underlying offense, without enhancement for possession of a firearm, results in:

> a guideline range that, when combined with the mandatory consecutive sentence under . . . § 924(c), . .. produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under . . . § 924(c) . .. (i.e., the guideline range that would have resulted if the enhancements for possession, use, or discharge of a firearm had been applied).

USSG § 2K2.4, comment. (n.2). A departure under this guideline may "not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under . . . § 924(c). . . . Id.

Gerome's original sentence (with two § 924(c) convictions) was 535 months; however, on remand, his guideline range was 235-293 months, with a mandatory consecutive 60-month sentence for the remaining § 924(c) conviction, which raised his total maximum sentence to 353 months. Had Gerome received a two-level enhancement for possession of a firearm during a drug offense under § 2D1.1(b)(1) instead of a § 924(c) conviction, his offense level would have increased from 36 to 38 and his guideline range would have been 292-365 months.

The district court agreed that an upward departure under Application Note 2 to § 2K2.4 was warranted in Gerome's case because his total maximum penalty with the § 924(c) conviction (353 months) was less than the maximum of the guideline range that would have resulted with a firearm enhancement under § 2D1.1(b)(1)--365 months. In addition, the court found that drug dealing in the area had resulted in violence, that Gerome had carried a gun, and that he had once threatened the undercover officer by pointing a gun at him during a drug transaction. The court departed upward by twelve months --from 293 months to 305 months imprisonment, and also imposed the mandatory 60-month consecutive sentence for Gerome's remaining § 924(c) conviction. His total sentence was 365 months. The court

also determined that a § 2D1.1(b)(1) enhancement was appropriate in Jeron's case, which increased his offense level from 38 to 40 and produced a guideline range of 360 months to life. Jeron received a sentence of 366 months. The district court heard argument on the Randalls' motions for a downward departure for extraordinary rehabilitation, but ultimately declined to depart downward in either case.

On appeal, both Gerome and Jeron contend that the district court failed to understand its authority to depart downward for post-sentencing rehabilitation. We find that the court in fact lacked authority to depart on that basis when resentencing the Randalls.

A discretionary decision not to depart is not reviewable on appeal, see United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997), but a decision not to depart based on a belief that the court lacks authority to depart is reviewed de novo. Id. In Brock, we held that exceptional post-offense rehabilitation is a possible ground for departure. See Brock, 108 F.3d at 35. However, Brock involved a claim of extraordinary rehabilitation made at the initial sentencing, not in a resentencing hearing. At a resentencing, unless the court of appeals' mandate specifically limits the district court to specific issues, resentencing is de novo. See United States v. Broughton-Jones, 71 F.3d 1143, 1149 n.6 (4th Cir. 1995) (remand without limitation) (citing United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993)); see also United States v. Apple, 962 F.2d 335, 337 (4th Cir. 1992) (remand instructions limited to specific potential error and defendant's claim of post-sentencing rehabilitation not relevant to that issue). In this circuit, even when the mandate of the appeals court does not limit the issues that may be reconsidered on remand, the district court may only consider relevant evidence "`that it could have heard at the first hearing'" with respect to any particular issue. Bell, 5 F.3d at 6 (quoting United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992)). Thus, rehabilitation which occurs after the initial sentencing will necessarily always be outside the scope of the remand. See United States v. Sims, 174 F.3d 911, 913 (8th Cir. 1999) (citing Cornelius); United States v. Warner, 43 F.3d 1335, 1340 (10th Cir. 1994) (citing Bell and Cornelius).

A number of circuits have reached the opposite conclusion, holding that post-sentencing rehabilitation may be the basis for a departure upon resentencing, but we do not find these decisions persuasive. See

4

United States v. Green, 152 F.3d 1202, 1207-08 (9th Cir. 1998); United States v. Rhodes, 145 F.3d 1375, 1377-82 (D.C. Cir. 1998); United States v. Core, 125 F.3d 74, 76-79 (2d Cir. 1997); United States v. Sally, 116 F.3d 76, 80 (3d Cir. 1997). Sims, Sally, and Rhodes ostensibly rely on Brock, but fail to recognize that Brock addressed only post-offense rehabilitation that occurred before the first sentencing hearing.[1]

Because the post-sentencing conduct of Gerome and Jeron was not relevant evidence that the district court could have heard at the first hearing concerning any issue, see Bell, 5 F.3d at 6, we find that the district court lacked authority to consider it as a basis for departure at the resentencing hearing. Consequently, the district court did not abuse its discretion when it decided not to depart.

Next, Gerome argues that the district court abused its discretion by departing upward in his case without finding that his use or possession of a firearm was extraordinary or exceptional, and by relying in part on a forbidden factor--his use of a firearm on September 7, 1995, which was the basis for his § 924(c) conviction on Count Three.

When the Sentencing Commission has encouraged departure based on a certain factor and the factor is not taken into account under the applicable guideline, the court may depart in its discretion based on that factor. See Koon v. United States, 518 U.S. 81, 96 (1996). If the encouraged factor is already taken into account by the applicable guideline, the court may depart "only if it finds that the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Id. The district court's decision that an encouraged factor has not been adequately taken into account by the applicable guideline is reviewed de novo. See United States v. Rybicki, 96 F.3d 754, 758 (4th Cir. 1996).[2]

_____

**1 Green** notes that Brock determined that a departure may be based on post-offense rehabilitation, see Green, 152 F.3d at 1207 & n.5, and does not cite Brock in support of its holding.
**2** The government argues that the plain error standard of review applies, but Gerome's attorney opposed a departure and thus preserved the issue for appeal.

We note first that the rationale for the encouraged departure under Application Note 2 is to avoid sentencing a defendant to a lesser term of imprisonment because he used a gun during a drug offense rather than simply possessed a gun. Any departure pursuant to Application Note 2 will involve use of a gun in some fashion. Therefore, such use of a gun cannot be a factor that the court is forbidden to consider.

Moreover, the district court made a factual finding that a departure was warranted in Gerome's case based on the violent nature of crack dealing in the area, Gerome's personal use of firearms, and his implied threat to the undercover officer by pointing his pistol at the officer. We find that the court's explanation for the departure was sufficient.

We therefore affirm the sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED