**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                          No. 02-4451

MIKE CULBERT,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-97-296-MU)

Argued: April 1, 2003

Decided: April 24, 2003

Before WIDENER, LUTTIG,* and WILLIAMS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Reita Pauline Pendry, Charlotte, North Carolina, for
Appellant. Douglas Scott Broyles, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee. **ON BRIEF:** Robert J. Con-
rad, Jr., United States Attorney, Charlotte, North Carolina, for Appel-
lee.

   *Judge Luttig was originally assigned to the panel in this case but did
not hear oral argument. The decision is filed by a quorum of the panel
pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mike Culbert appeals his 20-year sentence for conspiracy to possess with intent to distribute more than 1.5 kilograms of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Culbert argues that the district court erred in concluding that, in our prior remand, *United States v. Culbert*, 217 F.3d 841, 2000 WL 852812 (4th Cir. June 28, 2000) (per curiam) (unpublished table decision) (*Culbert I*), we mandated that it find at least 1.5 kilograms of cocaine base attributable to Culbert. We agree, vacate Culbert's sentence, and remand for resentencing.

In *Culbert I*, we reversed the district court's determination at Culbert's sentencing hearing that only "three to four grams of cocaine base were attributable to Culbert" because the evidence demonstrated that amounts "well over 1.5 kilograms" could be attributable to Culbert and the district court failed to explain the basis upon which it attributed three to four grams to Culbert. *Id.* at *5-*6. Accordingly, we vacated Culbert's sentence and remanded for resentencing. Specifically, we stated that:

> the court must be able to cite *some* evidence presented at trial that supports its factual conclusion. In this case, as we have already noted, there simply was no evidence that supports the sentencing court's finding of drug quantity. We, therefore, remand for resentencing. We ask the sentencing court to recalculate the amount of crack cocaine attributable to Culbert and to explain, based upon the evidence presented at trial, how it arrives at this amount.

*Id.* at *6 (footnotes omitted). The district court interpreted *Culbert I* as displacing its role as fact-finder and as directive that it find at least 1.5 kilograms of cocaine base attributable to Culbert. *See United States v. Culbert*, No. 97-CR-296-1 (W.D.N.C. Apr. 30, 2002). We

review the district court's interpretation of our mandate de novo. *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993).

According to the plain language of *Culbert I*, the district court's original finding of only three to four grams of cocaine base attributable to Culbert was clearly erroneous because the district court failed to explain how it arrived at that amount in light of the evidence in the record that, as a member of the conspiracy, amounts "well over 1.5 kilograms" could be attributed to Culbert. *Culbert*, 2000 WL 852812, at *5. We also noted that the "inconsistencies in the sentencing court's statements made at Culbert's sentencing proceeding and those made at [his co-conspirators'] sentencing hearings" made an "explanation of how it reached its conclusion" particularly necessary. *Id.* at *6 n.7. In our remand for resentencing, we determined only that the district court clearly erred by arriving at a conclusion that appeared contrary to the evidence and lacked adequate explanation. We made no credibility determinations for the district court, and the district court erred in holding otherwise and not making an independent determination of the drug quantity attributable to Culbert.

Accordingly, we again vacate Culbert's sentence and remand for resentencing. Specifically, we remand this case to the district court to: (1) recalculate the amount of cocaine base attributable to Culbert; (2) adequately explain how it arrives at this amount, based upon the evidence and its own credibility determinations; and (3) resentence Culbert based on the amount of cocaine base *it* finds attributable to Culbert.* As we noted in *Culbert I*, "the sentencing court is not required to believe every witness that testified at trial," *id.* at *6, but the court must support its factual conclusions with *some* evidence and adequately explain any apparent inconsistencies.

*VACATED AND REMANDED*

---

*Because we instruct the district court to reconsider the amount of cocaine base attributable to Culbert for sentencing purposes, "the district court may consider the issue de novo, entertaining 'any relevant evidence on that issue that it could have heard at the first hearing.'" *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993) (quoting *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992)).