998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
William Michael MIDGETT, Defendant-Appellee.
 No. 92-5723
 United States Court of Appeals,
Fourth Circuit
 Argued June 7, 1993
Decided July 14, 1993
 
 ARGUED: John Eric Evenson, II, Assistant United States Attorney, Raleigh, North Carolina, for Appellant.
 Thomas Courtland Manning, CHESHIRE, PARKER, HUGHES & MANNING, Raleigh, North Carolina, for Appellee.
 ON BRIEF: Margaret Person Currin, United States Attorney, Jonathan Aronie, Law Clerk, Criminal Division, Raleigh, North Carolina, for Appellant.
 Richard Noel Gusler, CHESHIRE, PARKER, HUGHES & MANNING, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In an earlier opinion, we vacated the sentence of appellee William Michael Midgett, and remanded for resentencing. At resentencing, the United States moved for an upward departure based on the amount of drugs involved in Midgett's offenses. The district court refused to consider the motion, and the United States appeals, arguing that this refusal was error. We agree, and once again vacate and remand for resentencing.
 
 I.
 
 2
 Our earlier opinion thoroughly describes the relevant facts in this case, see United States v. Midgett, 972 F.2d 64 (4th Cir. 1992) ("Midgett I "), and we recount them here only to the extent necessary to resolve this appeal. A jury convicted Midgett of two counts of possession with intent to distribute cocaine and psilocyn, see 21 U.S.C. § 841(a)(1), and one count of maintaining a place for the purpose of manufacturing, distributing, and using those controlled substances, see 21 U.S.C. § 856(a)(1). The district court calculated Midgett's base offense level to be twenty-six, with a Criminal History Category of I. The court sentenced Midgett to sixty-three months of imprisonment, the bottom of the relevant guideline range, and Midgett appealed. We held that the district court had incorrectly employed the drug quantity table, see U.S.S.G. § 2D1.1(c), to enhance Midgett's base offense level for the section 856(a) conviction. We therefore vacated Midgett's sentence and remanded for resentencing. See Midgett I, 972 F.2d at 66-67.
 
 
 3
 At resentencing, the Government moved for an upward departure based on the amount of drugs involved in Midgett's section 856(a) offense. The district court refused to consider the Government's motion. It reasoned that the Government's failure to make such a motion at the original sentencing hearing had deprived the court of the authority to depart. Id. at 278, 288. Applying a base offense level of sixteen, see U.S.S.G. § 2D1.8, the court sentenced Midgett to twenty-five months' imprisonment. This appeal followed.
 
 II.
 
 4
 Responding to the Government's upward departure motion, the district court reasoned "that having not given-having not departed before, I am limited to sentence within the Guidelines now, or at least, not go over the Guidelines. I don't think I can give other than a Guideline sentence now. And you can appeal it.... I have ruled as a matter of law that departure is not available." J.A. at 278.[1] The Government argues that the court misconstrued our opinion in Midgett I and erred in not even considering the motion.
 
 
 5
 We agree. As a threshold matter, the district court seems to have misunderstood the breadth of a remand for resentencing. Absent explicit limitations, an order vacating sentence and remanding for resentencing "directs the sentencing court to begin anew, so that 'fully de novo resentencing' is entirely appropriate." United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.), cert. denied, 112 S. Ct. 225 (1991); see also United States v. Sanchez Solis, 882 F.2d 693, 699 (2d Cir. 1989) (on remand for resentencing, court may "take new matter into account" and "need not consider whether the Government has waived its right to request [obstruction-of-justice enhancement]"); cf. United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992) ("Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard in the first hearing.").
 
 
 6
 The district court's authority to entertain the Government's motion was particularly clear in this case, for two reasons. First, the motion rested on evidence that had been presented at the original sentencing: the drug quantities reflected in the trial and the presentence report. Second, our earlier opinion in Midgett I imposed no limitations or restrictions on the scope of our remand for resentencing. On the contrary, we expressly raised the possibility of an upward departure based on drug quantity. See 972 F.2d at 67 ("That is not to say that drug quantities may never be considered in fashioning an appropriate sentence for a § 856(a) offense. The district court could have approached this sentencing as an upward departure case." (dictum )).[2] We were, of course, careful to "express no opinion" on the merits of an upward departure motion based on drug quantity, see id., and we repeat that disclaimer today. We hold not that the Government is entitled to an upward departure, but that it is entitled to have the district court consider such a departure.[3]
 
 CONCLUSION
 
 7
 For the reasons stated herein, we vacate the sentence imposed below and remand for resentencing. At resentencing, the district court should rule on the merits of the Government's motion for an upward departure.
 
 VACATED AND REMANDED
 
 
 [1]
 Although a refusal to depart is ordinarily unappealable, a single exception exists for refusals "based on the district court's mistaken view that it lacked the authority to depart." United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990), cert. denied, 111 S. Ct. 65 (1991)
 
 
 [2]
 These two features distinguish the instant case from the one on which Midgett almost exclusively relies, see United States v. Apple, 962 F.2d 335 (4th Cir. 1992) (on remand for resentencing to make adequate factual findings as to enhancement for weapon possession, district court did not err in refusing to consider further downward departure based on the defendant's mitigating and rehabilitative conduct since original sentencing). The Apple court affirmed the district court's refusal to consider a new departure motion based on new evidence that"was not relevant to what was potentially incorrect in the sentence the court originally imposed." Id. at 337. The Apple court was quite explicit that "the only reason we remanded this case was for the court to reconsider the [weapon] enhancement." Id. (emphasis added); see also id. ("Our remand instructions ... concerned only the propriety of enhancements for weapon possession...." (Emphasis added)); id. ("[T]o the extent that the sentences may have been incorrect, our sense was that they could have been so only with respect to the enhancements." (Emphasis added)). As explained above, the instant case did not require the district court to consider new evidence or to address any issue not "specifically identified in our mandate as that to be reconsidered." Id
 
 
 [3]
 In his brief, Midgett also suggests that the Supreme Court's decision in North Carolina v. Pearce, 395 U.S. 711 (1969) (imposition of longer sentence after earlier sentence was vacated raised rebuttable presumption of vindictiveness), might bar an upward departure at resentencing. See Appellee's Br. at 7. Midgett conceded at argument, however, that he had not raised below any vindictiveness objection to an upward departure. This concession is consistent with his candor at the sentencing hearing, where, in response to the district court's mention of the vindictiveness issue, Midgett described it as an issue that he perhaps "should have raised." J.A. at 274 (emphasis added); see also id. ("[T]hat would be our argument if we had thought to make it." (Emphasis added)). Because the vindictiveness issue is not properly before us, we decline to address it