UNITED STATES of America,
Appellee,

v.

Margaret **MALDONADO,** Cynthia Simpson, Eugene Mack and Franklin Rivera, also known as Fabio Vanegas, also known as Francis Rivera, also known as Fabio Rivera, Juan Saez, also known as King, Defendants,

Jaime Gonzalez, also known as Enzo Grojales, also known as Enso Frajes, also known as Jamie Gonzalez, Defendant–Appellant.

No. 03–1402.

United States Court of Appeals, Second Circuit.

Oct. 25, 2004.

Seth L. Levine, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Carolyn Pokorny and David C. James, on the brief), for Appellee.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

PRESENT: KEARSE, MCLAUGHLIN, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

■ Defendant–Appellant ("Appellant") was charged with conspiring to possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(a). He was convicted after a jury trial at which he testified on his own behalf. Following trial, for reasons that are not relevant to this order, the case was reassigned to a new judge for sentencing. At sentencing, the district court made several findings, including that the imposition of a two-point enhancement was warranted under the obstruction of justice sentencing guideline on the basis of what the court determined to be Appellant's perjurious trial testimony. U.S. Sentencing Guidelines Manual § 3C1.1 (2002). We hold that the imposition of this enhancement was in error.

The district court's initial statement as to why an obstruction enhancement was warranted was somewhat ambiguous. The court stated, "[Appellant] said that he did not sell drugs.... The jury found contrary to the assertions of the [Appellant], and *I think that there was sufficient evidence in the record to show that he did perjure himself ....*" (Sentencing Transcript, June 11, 2003, at 7 (emphasis added).) If the court had not mentioned the jury verdict, had made only the emphasized portion of this statement, and had pointed to data in the record to support that statement, the obstruction enhancement would have been readily sustainable. There was evidence squarely contradicting Appellant's testimony that he had not sold drugs, to wit, trial testimony from a police officer that, in an undercover capacity, she in fact bought drugs directly from Appellant. However, the district court did not point to this record data, and it is not clear that the emphasized portion of the court's statement was not intended simply to state that the evidence was sufficient to support

the jury's verdict. Thus, in a colloquy following the above statement, the court stated, "[Appellant] was asked specifically, Did you sell drugs?, and he said, No. And the jury found that he did sell drugs." (*Id.*) Given this statement and the ambiguity in the initial statement, it is possible that the court simply relied on the jury's verdict as the basis for its finding of perjury. The jury's verdict, however, did not provide a basis for finding that Appellant had lied when he stated that he did not sell drugs, for the charge was conspiracy, and the jury could have convicted Appellant of being part of the drug conspiracy even if he had not actually sold any drugs. Thus, there was no necessary contradiction between Appellant's testimony and the verdict. Under the circumstances, the district court's findings are insufficient to support the enhancement. *See United States v. Dunnigan*, 507 U.S. 87, 94–96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *United States v. Scotti*, 47 F.3d 1237, 1251–52 (2d Cir.1995).

We note that the sentence imposed was life imprisonment—a sentence that would be the mandatory with the obstruction of justice enhancement. Without the enhancement, the Sentencing Guidelines specify a range of 360 months to life. Since the district court might have imposed a different sentence had the enhancement not been applicable, the error in assigning the enhancement is not harmless. Accordingly, the sentence imposed must be remanded for reconsideration in light of the above discussion.

 Appellant makes a variety of other arguments on appeal. One is that the evidence supporting Appellant's conviction was insufficient. This argument fails under our longtime standards for sufficiency of the evidence. *See United States v. Payton*, 159 F.3d 49, 55–56 (2d Cir.1998); *United States v. Sanchez Solis*, 882 F.2d

693, 696 (2d Cir.1989). Second, Appellant contends that some evidence was improperly withheld from the defendant by the Government in contravention of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We find that, even assuming, *arguendo*, that the Government did in fact have that evidence, Appellant knew "of the essential facts permitting him to take advantage of [the allegedly suppressed] evidence," which means that the evidence "is not considered to have been suppressed within the meaning of the *Brady* doctrine." *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir.1995) (internal quotation marks omitted). Third, Appellant raises an issue as to the sufficiency of the district court's inquiry into a jury note which indicated that one juror was not being cooperative and which was sent to the court during deliberations. Because the defense expressly assented to the instruction given by the court to the jury in response to the note, it would appear that this argument has been waived or forfeited. *See United States v. Yu–Leung*, 51 F.3d 1116, 1120–21 (2d Cir.1995). In any case, under the circumstances presented, the district court's handling of the jury note was not an abuse of the court's broad discretion in jury matters. *See United States v. Rosario*, 111 F.3d 293, 299 (2d Cir.1997); *United States v. Thai*, 29 F.3d 785, 803 (2d Cir.1994). Finally, Appellant argues that in light of the recent decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the district court erred in finding additional facts that resulted in a sentence greater than the applicable Guidelines range based just on the jury's findings. We reject this claim as foreclosed by the reasoning set forth in *United States v. Mincey*, 380 F.3d 102 (2d Cir.2004).

Appellant raises several other arguments, all of which were treated by the

district court; we find them to be without merit for substantially the reasons given by the court below. Accordingly, we AFFIRM the judgment of the district court, except with respect to its imposition of a sentencing enhancement for obstruction of justice, and on that limited basis we REMAND the case for resentencing, which, consistent with this opinion, may be to the same level as previously imposed.

Except to the limited extent indicated above, the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Suprem Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*