**UNITED STATES of America,**
**Appellee,**

v.

**Antoine STEWART, Defendant–**
**Appellant.**

**No. 06–3209–cr.**

United States Court of Appeals,
Second Circuit.

May 29, 2008.

James E. Neuman, New York, NY, for Appellants.

Harry A. Chernoff, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, Daniel A. Braun, Assistant United States Attorney, Of Counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Antoine Stewart appeals from a judgment of conviction entered on June 28, 2006. Following a jury trial, defendant was convicted of conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1), (2); conspiracy to distribute at least fifty grams of crack cocaine in violation of 21 U.S.C. § 846; murder in connection with a narcotics conspiracy in violation of 21 U.S.C. §§ 848(e)(1)(A) and 18 U.S.C. § 2; discharge of a firearm in connection with a narcotics conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; and murder with a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(j) and 2. Defendant was sentenced principally to a term of life imprisonment plus ten years. On appeal, defendant argues that (1) there was insufficient evidence to sustain his conviction for participation in the narcotics conspiracy; (2) the District Court erroneously admitted evidence of prior crimes and bad acts in violation of Federal Rule of Evidence 404(b); and (3) the District Court erred in declining to give the jury a "multiple conspiracy charge." We assume the parties' familiarity with the facts and procedural history of the case.

When considering a challenge to the sufficiency of the evidence, we "view the evidence, whether direct or circumstantial, in the light most favorable to the government, crediting every inference that could have been drawn in its favor, and we must affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a

reasonable doubt." *United States v. Rosa,* 11 F.3d 315, 337 (2d Cir.1993) (internal citations omitted). We review a district court's evidentiary rulings for abuse of discretion. *See, e.g., United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998). When a defendant has not raised objections to the admission of the disputed evidence before the District Court, we review the District Court's ruling under the plain error standard. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). When a defendant's failure to object is based on a tactical decision, "that action constitutes a true 'waiver,' which will negate even plain error review." *United States v. Yu-Leung,* 51 F.3d 1116, 1122 (2d Cir.1995). We review challenges to jury instructions *de novo,* reversing "only if all of the instructions taken as a whole caused [the] defendant prejudice." *United States v. Bok,* 156 F.3d 157, 160 (2d Cir.1998).

■ We conclude that defendant has failed to establish that there was insufficient evidence to sustain his conviction for participation in the narcotics conspiracy. While there may have been no direct evidence that defendant knew that the murder-for-hire he performed was in furtherance of the drug conspiracy, there was ample circumstantial evidence presented at trial "from which it [could] reasonably be inferred that the [defendant] knew of the existence of the [drug conspiracy] alleged in the indictment and knowingly joined and participated in it." *United States v. Sanchez Solis,* 882 F.2d 693, 696 (2d Cir. 1989); *see also United States v. Samaria,* 239 F.3d 228, 234 (2d Cir.2001) ("A defendant's participation in a criminal conspiracy may be established entirely by circumstantial evidence." (internal quotation marks omitted)).

■ We also conclude that the District Court did not err in admitting evi-

dence of defendant's prior crimes and bad acts. As we have repeatedly held, our Court "follows the 'inclusionary' approach to 'other crimes, wrongs, or acts' evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed.R.Evid. 403 or not relevant under Fed.R.Evid. 402." *United States v. Pascarella,* 84 F.3d 61, 69 (2d Cir.1996) (internal citation and quotation marks omitted). In each instance, the disputed evidence was admitted for a proper purpose and was relevant. Evidence of defendant's participation in prior drug transactions and his prior drug-related convictions was introduced, with a limiting instruction, for the purpose of demonstrating defendant's knowledge of the drug conspiracy and how the relationship of trust developed between defendant and his co-conspirators. *See United States v. Arango–Correa,* 851 F.2d 54, 60 (2d Cir.1988) (knowledge); *United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996) (relationship of trust). Defendant stipulated to the introduction of his prior firearms convictions, and the Court issued an appropriate limiting instruction when it was requested. This evidence was admitted to establish that defendant had the requisite knowledge and opportunity to enter into the conspiracy and commit the charged acts. *See United States v. Ramirez,* 894 F.2d 565, 568 (2d Cir.1990); *United States v. Robinson,* 560 F.2d 507, 513 (2d Cir.1977). Defendant's participation in stealing an automobile demonstrated his continuing involvement with the conspiracy and his willingness to assist in the activities of the conspiracy. *Cf. Rosa,* 11 F.3d at 333–34. His use of aliases was properly admitted to show consciousness of guilt. Finally, the Court issued a general limiting instruction for all of the prior crimes and bad acts evidence

at the end of the trial in order to minimize prejudice to defendant from the introduction of evidence concerning each of the individual prior acts as well as their cumulative effect.

■ We reject defendant's argument that the District Court was required to issue a multiple conspiracy charge to the jury. We agree with the District Court that, based on the evidence presented at trial and the jury instructions given, the multiple conspiracy instruction was not necessary and that no prejudice resulted. *See United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir.1997) ("A refusal to give a multiple conspiracy charge does not prejudice [a] defendant where there was ample proof before the jury for it to find beyond a reasonable doubt that [the] defendant was a member of the conspiracy charged in the indictment.").

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.