SUMMARY ORDER
Defendants-appellants Jeffrey Martinez, Nelson Martinez, Slater, Bowens, and Alvin Martinez appeal from judgments of conviction entered on June 26, 2007, June 28, 2007, June 29, 2007, and July 27, 2007, resulting from their involvement in a conspiracy to distribute crack cocaine in and around the Mitchel Housing Projects in the County of the Bronx between 1994 and 2005. Following a jury trial in the Southern District of New York, Defendants Jeffrey Martinez, Nelson Martinez, Slater, and Bowens were convicted of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841 *81 and 846. Defendant Alvin Martinez pleaded guilty prior to trial pursuant to a plea agreement. The district court sentenced Jeffrey Martinez, Nelson Martinez, and Slater to 860 months’ imprisonment. Bow-ens received a sentence of 180 months, and Alvin Martinez was sentenced to 120 months’ imprisonment.
On appeal, the defendants challenge them convictions and sentences on numerous grounds. We assume the parties’ familiarity with the underlying facts and procedural history.

Sufficiency of Evidence

Jeffrey Martinez, Slater, and Bowens assert that there was insufficient evidence to prove their knowing participation in the overarching conspiracy to distribute crack cocaine for which they were convicted. This Court reviews sufficiency of the evidence claims de novo. United States v. Leslie, 103 F.3d 1093, 1100 (2d Cir.1997). A defendant challenging a district court’s denial of a motion for acquittal on the basis of insufficient evidence “bears a heavy burden.” United States v. Jones, 482 F.3d 60, 68 (2d Cir.2006) (internal quotations omitted). We “view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational factfinder could have found guilt beyond a reasonable doubt.” United States. v. Carlo, 507 F.3d 799, 801 (2d Cir.2007) (per curiam); United States v. MacPherson, 424 F.3d 183, 187 (2d Cir. 2005) (upholding a conviction if “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original))).
To sustain a conspiracy conviction, there must be “some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it.” United States v. Sanchez Solis, 882 F.2d 693, 696 (2d Cir.1989) (internal quotation marks omitted). “[A] single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance.” United States v. Maldonado-Rivera, 922 F.2d 934, 963 (2d Cir.1990). Although the Government has the burden of proving the conspiracy alleged in the indictment, “[w]hether it has proved the existence of this conspiracy and each appellant’s membership in it or has instead proved multiple other independent conspiracies is a question of act for a properly instructed jury.” United States v. Alessi, 638 F.2d 466, 472 (2d Cir.1980). The issue before us, therefore, is whether the evidence presented supports a finding that the conspiracy was proved and that each appellant was a member of it.
As to Jeffrey Martinez, witnesses at trial testified that he: (1) was a boss of 205 Alexander Avenue; (2) shared a supplier with Slater (the boss of 350 East 137th Street); (3) jointly purchased large quantities of crack cocaine with Nelson Martinez and Anthony Glover (the boss of 215 Alexander Avenue); (4) acted to keep out competition; (5) “join[ed] forces” with Slater and Trey Boglin (the boss of 175 Alexander Avenue) to reopen 205 Alexander Avenue for crack cocaine sales; and (6) fronted Glover crack cocaine and arranged, along with his brothers, to be the source of Glover’s resupply.
Witnesses at trial identified Slater as the boss of both 350 and 360 East 137th Street. When the operation was at its peak, Slater’s workers sold $4,000-$5,000 worth of crack cocaine per day. A witness testified that when business “slowed up,” *82 Slater would “merge” his operations with Trey Boglin (the boss of 175 Alexander Avenue). This included sharing a “stash house.” Slater’s cooperation with another boss was corroborated by a second witness who testified that he had heard that Slater “joined forces” with Boglin. Also, following the arrest of one of his employees, .Slater discussed with bosses Glover and Nelson Martinez his plan to reopen 350 East 137th Street for crack cocaine sales.
The evidence against Bowens included: (1) testimony by Detective Jose Ramirez that he saw Bowens in front of 215 Alexander Avenue “all of the time,” and in the company of “a bunch of people”; (2) a surveillance tape showing a drug transaction involving Bowens and a confidential informant; (3) testimony from boss Eric Glover that Bowens worked for him as a pitcher; (4) testimony from Glover that Bowens, for a period of time, distributed packs of crack cocaine to pitchers; (5) testimony that a competitor referred to Glover’s people, including Bowens, as “you all” and “guys around here”; (6) testimony from Norbell Lynch that he served as a look-out for Bowens while Bowens was engaged in crack cocaine sales; and (7) testimony by George Verdejo that Glover had told Bowens to attend to customers who had been waiting, which Bowens then did.
We agree with the district court’s assessment that the Government presented enough evidence for the jury to reasonably infer that Jeffrey Martinez, Slater, and Bowens participated in a conspiracy to distribute crack cocaine in and around the Mitchel Houses as charged in the superseding indictment. See United States v. Sisea, 503 F.2d 1337, 1345 (2d Cir.1974) (“It is sufficient for the government to have proven ... that each [coconspirator] knew from the scope of the operation that others were involved in the performance of functions vital to the success of the business.” (internal quotation marks omitted)).
On appeal, Bowens argues the evidence showed, at most, only that he joined a smaller conspiracy located within 215 Alexander Avenue, not the forty-three person Mitchel Houses conspiracy charged in the indictment. We are not persuaded. “A single conspiracy may be found where there is mutual dependence among the participants, a common aim or purpose or a permissible inference from the nature and scope of the operation, that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture.” United States v. Williams, 205 F.3d 23, 33 (2d Cir.2000) (internal quotations marks omitted); see also United States v. Barnes, 604 F.2d 121, 155 (2d Cir.1979) (“retailers whose existence is actually unknown to each other can be held to have agreed in a single conspiracy if each knew or had reason to know that ... [the] middleman handles a larger quantity of narcotics than one retailer can sell.” (citation omitted)). Based on the evidence presented against him, including, inter alia, Glover’s testimony that Bowens distributed crack cocaine to other pitchers, and Lynch’s testimony of serving as a look-out for Bowens, a reasonable jury could infer that Bowens “was aware of his part in a larger organization.” See Williams, 205 F.3d at 33.
In his appeal, Slater argues that although he may have participated in the sale of crack cocaine, there was no overarching conspiracy because the crack cocaine dealers in the Mitchel Houses competed against each other for individual customers. This competition, however, does not mean that the conspiracy was not present, as long as the conspirators were working together toward the shared goal of distributing crack cocaine around the *83 Mitchel Houses. Despite evidence of their sometime competing interests, members of the conspiracy shared resources, and workers from the various buildings acted in concert to warn each other if the police were present.

Right to Revieiv Witness Statements

Nathaniel Slater alleges that the district court violated his Fifth and Sixth Amendment rights when it denied his motion to lift a protective order so that he could possess a copy of 18 U.S.C. § 3500/Giglio material in his jail cell without the presence of defense counsel. We find no such violations. The Government timely disclosed the § 3500 material, and Slater was permitted to view it with counsel present. The district court was within its discretion in preventing defendant’s unsupervised possession of § 3500 material, which included statements by cooperating witnesses, to protect such witnesses from intimidation and retribution. This was of particular concern in this case given that two of Slater’s codefendants awaiting trial were alleged to have intimidated a prosecution witness in a prior state case.

Sixth Amendment Right to Present Evidence

Jeffrey Martinez argues that this Court should reverse his conviction because the district court violated his Sixth Amendment rights by limiting the extent of his cross-examination of Government witnesses. Specifically, Jeffrey Martinez contends that “[o]n several occasions,” the district court improperly prevented him from presenting “evidence of the co-conspirators[’] backgrounds and the circumstances under which they grew up in the Mitchel[ ] Housing Projects.” “The decision of the trial court to restrict cross-examination will not be reversed on appeal unless its broad discretion has been abused.” United States v. Maldonado-Rivera, 922 F.2d 934, 956 (2d Cir.1990). Here, there has been no abuse of discretion. Jeffrey Martinez does not point to any specific instances in the record in which the court improperly limited Jeffrey Martinez’s counsel’s attempts to introduce background evidence.

Request for Adjournment and Application of U.S.S.G. § 5G1.S(b)

Alvin Martinez asserts that the district court abused its discretion in refusing to postpone his sentencing so that he could first be sentenced in a New York State criminal case. According to Alvin Martinez, if the state court had sentenced him first, § 5G1.3(b) of the Sentencing Guidelines would have required the district court to take into account the state sentence and sentence him below the mandatory 120 month minimum. This argument fails. As the district court properly found, § 5G1.3(b) is inapplicable to Alvin Martinez because the state court conviction was not “the basis for an increase in the offense level for the instant offense.” See U.S.S.G. § 5G1.3(b). Alvin was found guilty of conspiring to distribute 50 to 150 grams of crack cocaine and received a statutory mandatory minimum sentence of 120 months. Alvin’s prior state court conviction for sale of crack cocaine on June 11, 2002, did not increase his base offense level.

Ineffective Assistance of Counsel

Appellant Bowens asserts that his trial counsel was ineffective for failing to explain the Government’s plea offer adequately and for refusing to notify the district court of Bowens’s desire for new counsel. This Court has a “baseline aversion to resolving ineffectiveness claims on direct review.” United States v. Khedr, 343 F.3d 96, 99 (2d Cir.2003) (citations and internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d *84 714 (2003) (expressing preference that an ineffective counsel claim be evaluated pursuant to a § 2255 motion, rather than on direct appeal). But this Court will review ineffective assistance claims on direct appeal when the record is fully developed and resolution is beyond doubt. See United States v. Garcia, 413 F.3d 201, 219 n. 13 (2d Cir.2005); see also Khedr, 343 F.3d at 100 (holding that this Court should resolve an ineffective assistance claim on direct appeal where “their resolution is beyond any doubt or to do so would be in the interest of justice.” (internal quotations omitted)). Here, the record is not sufficiently developed for us to resolve Bow-ens’s ineffective assistance claim. We believe that Bowens’s claim should be heard as part of a § 2255 motion if he opts to file one. We therefore deny his claim of ineffective assistance of counsel without prejudice to his raising it on an appropriate motion for collateral review.

Nelson Martinez’s Pro Se Arguments

In his supplemental pro se brief, Nelson Martinez alleges that the Government improperly vouched for the credibility of its witnesses during summation. It did not. In the challenged remarks the Government asked the jury to consider the motives of cooperating witnesses in testifying and what those witnesses would lose if ' they lied. These remarks were made after defense counsel’s attacks on the credibility of cooperating witnesses. The Government’s response was not improper. See United States v. Rivera, 22 F.3d 430, 438 (2d Cir.1994) (“[W]hen the defense has attacked ... the credibility of the government agents, the prosecutor is entitled to reply with rebutting language suitable to the occasion.” (internal quotations omitted)).
Nelson Martinez also contends that he can be held responsible only for the 50 grams of crack cocaine charged in the indictment, and not the 1.5 kilograms' of crack cocaine for which he was found responsible by the district court at sentencing. Similarly, he argues that the district court erred by increasing his base offense level in taking account of his leadership role in the conspiracy because the jury did not specifically find that he was a boss of one of the buildings in the Mitchel Housing Projects. These arguments are without merit. See United States v. Martinez, 525 F.3d 211, 215 (2d Cir.2008) (“This Court has determined that, judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives Booker ... and that, with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection.” (internal quotations and alterations omitted)).

Resentencing in light of Kimbrough

Defendants Nelson Martinez, Jeffrey Martinez, Bowens, and Slater argue on appeal that they are entitled to resentenc-ing in light of Kimbrough, 128 S.Ct. 558, and the retroactive amendments to the Guidelines pertaining to crack cocaine. The Government has consented to a remand, and we agree that one is appropriate here. See United States v. Regalado, 518 F.3d 143 (2d Cir.2008).
We have considered appellants’ remaining arguments regarding their convictions and find them to be without merit.
For the foregoing reasons, appellants’ appeals are DENIED, and their judgments of conviction are affirmed in all respects, except that the case is remanded for resentencing of Nelson Martinez, Jeffrey Martinez, Bowens, and Slater and we note, as to Bowens’s ineffective assistance argument that it has been denied without prejudice. We do not address defendants’ arguments about the reasonableness of *85 their sentences as such arguments may become moot following resentencing, and may be raised in a subsequent appeal following entry of final judgments.[2]

. This includes Nelson Martinez’s argument that his sentence was unreasonable because the district court did not fairly and accurately consider the factors under 18 U.S.C. § 3553(a).