**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

v.

JEFFREY NOWAK,

          Defendant-Appellant.

Nos.  17-10120
        17-10384

D.C. No.
2:13-cr-00132-LDG-VCF-2

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted August 17, 2018[**]
San Francisco, California

Before: BEA and CHRISTEN, Circuit Judges, and McLAUGHLIN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mary A. McLaughlin, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

Defendant-Appellant Jeffrey Nowak ("Nowak") appeals the district court's orders denying his motion for a *Franks* hearing and denying his motion for a new trial based on newly discovered evidence. *See* Fed. R. Crim P. 33(b)(1). Nowak also appeals his prison sentence of 41 months. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

1. Nowak is not entitled to an evidentiary hearing because of alleged deficiencies in a search warrant affidavit prepared by IRS Special Agent Joshua Bottjer ("Agent Bottjer"). *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Nowak failed to make a preliminary showing that Agent Bottjer deliberately or recklessly omitted in his warrant affidavit knowledge that cash deposits in Nowak's bank account were attributable to gambling winnings from 2006 through 2009. *See United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985). Additionally, Nowak's gambling winnings were not material to the magistrate judge's finding of probable cause. *See United States v. Martinez-Garcia*, 397 F.3d 1205, 1215 (9th Cir. 2005). Even assuming Nowak received all of his gambling winnings in cash, a substantial portion of his cash deposits remained unaccounted for. Nowak also suffered net gambling losses of nearly $65,000 during the relevant time period.

2. The district court did not abuse its discretion by denying Nowak's motion for a new trial. To compute restitution for Nowak's co-conspirator, Ramzi Suliman ("Suliman"), the government omitted his unpaid, federal taxes from 2006 in the amount of $41,876. Although this information may constitute newly discovered evidence, it does not warrant a new trial. *See United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc). Additional evidence regarding the government's method of calculating the amount of Suliman's restitution is immaterial and cumulative. *See id.*; *United States v. Kohring*, 637 F.3d 895, 910 (9th Cir. 2011). During Nowak's trial, the defense successfully impeached Suliman by establishing that his plea deal included a restitution figure that was less than his overall tax liability. Further, a new trial would not result in acquittal in light of overwhelming evidence supporting the jury's guilty verdict. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005).

3. Nowak's 41-month sentence does not constitute an abuse of discretion under 18 U.S.C. § 3553(a)(6). Although Suliman received a sentence of 12 months and one day, Nowak and Suliman do not have similar records and were not found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). Suliman was convicted of one count of conspiracy to defraud the United States, *see* 18 U.S.C. § 371, while Nowak was found guilty of one count of conspiracy, three counts of

assisting in filing false corporate tax returns, and four counts of attempting to evade and defeat individual income taxes, *see* 26 U.S.C. §§ 7201, 7206(2); *United States v. Monroe*, 943 F.2d 1007, 1017 (9th Cir. 1991). Whereas Suliman cooperated with the government by pleading guilty, Nowak contested his charges by proceeding to trial. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009); *United States v. Sanchez Solis*, 882 F.2d 693, 699 (2d Cir. 1989). Nowak's sentence was therefore reasonable.

**AFFIRMED.**