UNITED STATES of America,
Appellee,

v.

Derek McALLISTER, also known as Jamol Baily, also known as Baby J., also known as Pope, also known as Augustus B. Routh, Damon Maine, also known as Nut, Darnell Lovett, also known as "D," Defendants,

Kevin ALLER, also known as Beamo, also known as Kevin Bethea, Defendant–Appellant.

No. 03–1598.

United States Court of Appeals, Second Circuit.

Oct. 25, 2004.

Daniel A. Braun, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Adam Siegel, on the brief), for Appellee.

Larry H. Krantz, Krantz & Berman, New York, NY, for Defendant–Appellant.

PRESENT: KEARSE, McLAUGHLIN, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant ("Appellant") was charged with participating in, and conspiring to participate in, the affairs of a racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), and with several other offenses. Some of these other crimes, including participation in a narcotics conspiracy in violation of 21 U.S.C. § 846,

and conspiring to murder in aid of racketeering, 18 U.S.C. § 1959(a), also were charged in the indictment as predicate racketeering acts under the two RICO counts. Following a jury trial, Appellant was convicted on the RICO conspiracy charge, and on both the narcotics conspiracy and conspiracy to murder in aid of racketeering charges. The jury did not reach a verdict on the substantive RICO charge, and acquitted Appellant on all other counts.

Appellant raises a variety of arguments on appeal. Several pertain to the instructions given to the jury by the district court in its initial charge, and in response to questions received from the jury during its deliberations.

■■■ As to the former, Appellant contends that the court erred in failing to instruct the jury that it was required to find unanimously which specific predicate acts the defendant agreed would be committed in the course of the RICO conspiracy. Because this objection was not raised below, we review the jury charge for plain error. *United States v. Thomas,* 377 F.3d 232, 239 (2d Cir.2004). In light of the unsettled state of the law on this issue, neither side having pointed us to any case holding that the trial court is or is not required to give such an instruction, the charge given to the jury was not plainly erroneous. Moreover we note that the jury rendered a unanimous verdict of guilty on two counts that were also charged as predicate acts. It follows that the unanimity Appellant argues is required was, in fact, present. *See United States v. Salmonese,* 352 F.3d 608, 624 (2d Cir.2003) (affirming conviction for multi-object conspiracy, where, despite general verdict, evidence established each alleged objective).

■■■ Appellant next points out that for the conspiracy to murder in aid of racketeering to be proved, it must have been committed in order a) to receive something of value from, b) to gain entrance to, or c) to maintain, or d) to increase the defendant's position within the enterprise. *See* 18 U.S.C. § 1959(a). He then argues that the court erred by failing to instruct the jury that it must unanimously agree *which* one or more of the above mentioned motivations Appellant possessed in committing the crime. This issue, too, must be reviewed for plain error, since no objection to the jury charge was timely raised before the district court. Appellant, however, cites no authority of this or any other court that supports the proposition that the multiple motivations listed in 18 U.S.C. § 1959(a) represent elements of separate crimes, such that unanimity is required. Under the circumstances, if there was error at all in the court's charge it certainly was not plain error.

■■■ Regarding the supplemental instructions to the jury, we conclude that the court's use of an example to illustrate the concept of a RICO enterprise did not, despite Appellant's objection, misconstrue the definition of the term "enterprise." In any event, the full context of the court's instructions on the enterprise issue rendered any possible error in the use of the example harmless. *See United States v. Bok,* 156 F.3d 157, 160–61 (2d Cir.1998). Appellant's additional argument that the example drew on facts that were impermissibly analogous to the case at hand was forfeited below, and, reviewing the court's use of the example for plain error, we find no grounds for reversal. *See United States v. Salameh,* 152 F.3d 88, 142–43 (2d Cir.1998); *United States v. Gaggi,* 811 F.2d 47, 62 (2d Cir.1987). Nor do we find a basis for reversal with respect to Appellant's final argument dealing with jury instructions, namely that the court gave an erroneous description of "association" with a RICO enterprise. Examining the court's

774

supplemental charge on this point in its totality, we cannot say that the charge was erroneous, let alone plainly so. *See Bok,* 156 F.3d at 160–61.

■ Finally, Appellant raises two arguments as to the sufficiency of the evidence against him. First, he claims that there was insufficient evidence to convict on one of the charged predicate acts, and that it cannot be determined whether the jury relied upon that allegedly insufficient basis for its verdict. As already stated above, however, the jury found Appellant guilty of two crimes that also were charged as predicate acts. It follows that, regardless of the sufficiency of the evidence on any other predicate acts, there is a valid independent basis for affirming the jury's verdict on the RICO conspiracy count. *See Salmonese,* 352 F.3d at 624. Second, Appellant argues that there was insufficient evidence to establish his membership in the RICO conspiracy. This argument fails under our longtime standards for sufficiency of the evidence. *See United States v. Payton,* 159 F.3d 49, 56 (2d Cir.1998); *United States v. Sanchez Solis,* 882 F.2d 693, 696 (2d Cir.1989).

We have considered all of Appellant's claims and find them to be without merit.[1] Accordingly, we AFFIRM the judgment of the district court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision,

it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

---

1. We note that the Government, at the conclusion of its brief, asks us to make an amendment to the judgment to correct what it describes as a clerical error. Since the Government did not cross-appeal, we cannot grant the requested relief. The proper course at this time is for the Government to request relief in the district court following the conclusion of these appellate proceedings.