15-2050-pr
Aller v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand sixteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

-----------------------------------------------------------------------
KEVIN ALLER, AKA "Kevin Bethea," AKA "Beamo,"
*Petitioner-Appellant*,

v.                                                      No. 15-2050-pr

UNITED STATES OF AMERICA,
*Respondent-Appellee*.*
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        STEPHANIE M. CARVLIN, Law Office of Stephanie M. Carvlin, New York, New York.

APPEARING FOR APPELLEE:         SARAH EDDY MCCALLUM, Assistant United States Attorney (Jason M. Swergold, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

* The Clerk of Court is directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on April 30, 2015, is AFFIRMED.[1]

Petitioner Kevin Aller, whose 2003 convictions following a jury trial for conspiracy to commit murder in aid of racketeering, racketeering conspiracy, and conspiracy to distribute and to possess with intent to distribute narcotics, see 18 U.S.C. §§ 1959(a), 1962(d); 21 U.S.C. § 846, were summarily affirmed by this court, see United States v. McAllister, 112 F. App'x 771 (2d Cir. 2004), now appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2255. Pursuant to a certificate of appealability issued by the district court, Aller argues that his trial counsel rendered constitutionally ineffective assistance by failing to seek instructions requiring jury unanimity as to (1) the particular "motive" giving rise to his § 1959(a) crime and (2) the specific predicate acts underlying his § 1962(d) conviction. On appeal from the denial of § 2255 relief, we review the district court's conclusions of law de novo. See Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm, largely for the reasons stated in the

---

[1] Although a separate judgment was never entered, see Fed. R. Civ. P. 58(a), judgment became final 150 days after the order was entered, see Fed. R. Civ. P. 58(c)(2)(B). Accordingly, the notice of appeal was timely filed as of that date, see Fed. R. App. P. 4(a)(2), and we have jurisdiction over this appeal, see 28 U.S.C. § 1291; Goldberg & Connolly v. N.Y. Cmty. Bancorp, Inc., 565 F.3d 66, 71 n.3 (2d Cir. 2009).

district court's well-reasoned opinion. See Aller v. United States, No. 11 Civ. 9089(TPG), 2015 WL 1963611 (S.D.N.Y. Apr. 30, 2015).

A petitioner complaining of ineffective assistance bears a heavy burden in that he must demonstrate both (1) that his attorney's performance fell below an objective standard of reasonableness in light of prevailing professional norms and (2) ensuing prejudice. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); see also Harrington v. United States, 689 F.3d at 129. At the first prong, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted). To demonstrate prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different," Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009) (internal quotation marks omitted), which is to say that "counsel's errors were so serious as to deprive the defendant of a fair trial," Strickland v. Washington, 466 U.S. at 687.

Aller does not carry this burden with respect to his counsel's failure to request a unanimity charge as to a particular § 1959(a) motive. See 18 U.S.C. § 1959(a) (conditioning violation on defendant's intent to (i) receive something of value from, (ii) gain entrance to, or (iii) maintain or increase his position within racketeering enterprise). As we explained in affirming Aller's conviction on direct appeal, "no authority of this or any other court" supports the proposition that § 1959(a) motives "represent elements of separate crimes, such that unanimity is required" as to any single

3

motive in particular. United States v. McAllister, 112 F. App'x at 773. This determination forecloses a conclusion that counsel's failure to seek a unanimity instruction was objectively unreasonable. See Parisi v. United States, 529 F.3d 134, 141 (2d Cir. 2008) (holding that attorney's conduct was not objectively unreasonable where, even on appeal, question had not yet been squarely decided by precedent). Because Aller's attorney cannot be faulted for having failed to request a jury instruction that then had—and even now has—no support in the case law, the district court correctly rejected his claim of ineffective assistance on the first prong of Strickland analysis. See Strickland v. Washington, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); see also Chang v. United States, 250 F.3d 79, 84 (2d Cir. 2001).

The same conclusion obtains as to counsel's failure to seek a unanimity instruction on the specific predicates Aller agreed would be committed in the course of the racketeering conspiracy. See 18 U.S.C. § 1962(d). In identifying no plain error on direct appeal, we emphasized the "unsettled state of the law on this issue," observing that neither Aller nor the government had identified any case "holding that the trial court is or is not required" to so instruct the jury. United States v. McAllister, 112 F. App'x at 773.[2] In the absence of clear authority requiring unanimity with respect to the specific

_____

[2] Thereafter, we decided that "[b]ecause a RICO conspiracy charge need not specify the predicate or racketeering acts that the defendants agreed would be committed," a district court's instruction "requiring unanimity as to the types of predicate racketeering acts that

4

predicate acts underlying a § 1962(d) conviction, Aller cannot demonstrate that his counsel's representation "amounted to incompetence under prevailing professional norms." Harrington v. United States, 689 F.3d at 129–30 (internal quotation marks omitted).

On this point, the district court also correctly determined that Aller cannot demonstrate prejudice because the jury rendered a unanimous guilty verdict on two counts—narcotics conspiracy and conspiracy to commit murder in aid of racketeering—also charged as racketeering predicates. As we observed on direct appeal, the implication of this verdict is that "the unanimity [Aller] argues is required was, in fact, present." United States v. McAllister, 112 F. App'x at 773 (citing United States v. Salmonese, 352 F.3d 608, 624 (2d Cir. 2003)). Aller's observation that the jury was unable to reach a verdict on his substantive racketeering charge warrants no different conclusion. See Salinas v. United States, 522 U.S. 52, 65 (1997) (stating that "a conspiracy may exist and be punished whether or not the substantive crime ensues"); United States v. Applins, 637 F.3d 59, 81 (2d Cir. 2011) ("'Neither overt acts, nor specific predicate acts that the defendant agreed personally to commit, need be alleged or proven for a section 1962(d) offense.'" (quoting United States v. Glecier, 923 F.2d 496, 500 (7th Cir. 1991))).

We therefore reject both of Aller's ineffective assistance claims as meritless.

---

the defendants agreed to commit" resulted in no constitutional error. United States v. Applins, 637 F.3d 59, 81–82 (2d Cir. 2011) (emphasis added).

5

\*      \*      \*      \*

We have considered Aller's remaining arguments and conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court